UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-02189-FWS-DFM Date: November 13, 2026
Title: Alison Hardesty *et al.* v. Fenix International Limited *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING MOTION TO SEQUENCE DEFENDANTS' DISPOSITIVE BRIEFING [21]**

In this putative class action, filed on August 12, 2026, Plaintiffs Alison Hardesty and Erika Heidewald allege that Defendants Fenix International Limited and Fenix Internet LLC (together, "Fenix" or "Defendants") failed to fulfill a promise to pay certain lifetime referral commissions. (Dkt. 1 ("Complaint" or "Compl.").) The relevant contract has a forum-selection clause selecting the courts of England and Wales as the appropriate forum for disputes arising under the contract. The parties anticipate Defendants bringing a motion to dismiss this case based on the forum-selection clause.

This court has previously enforced the identical forum-selection clause as to non-California Plaintiffs, dismissing their claims on that basis, but found the clause unenforceable as against California public policy as to California plaintiffs. *N.Z. v. Fenix Int'l Ltd.*, 2025 WL 1122493, at *7 (C.D. Cal. Apr. 9, 2025), *reconsideration denied,* 2025 WL 3626154 (C.D. Cal. Dec. 12, 2025). Judge Charles R. Breyer of the Northern District of California recently agreed with the court. *John Doe 1 v. Fenix International Limited*, 2026 WL 3136214, at *6 (N.D. Cal. Oct. 20, 2026) ("This Court agrees with *N.Z.*") (also agreeing with Judge Sunshine S. Sykes' analysis in *Muto v. Fenix Int'l Ltd.*, 2024 WL 2148734, at *3 (C.D. Cal. May 2, 2024)). However, Judge Breyer persuasively explained why "there is a substantial ground for difference of opinion on th[e] question" of "[w]hether Fenix's forum selection clause is valid in light of" *EpicentRx, Inc. v. Superior Court*, 18 Cal. 5th 58 (2025), which "held that, notwithstanding the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-02189-FWS-DFM Date: November 13, 2026
Title: Alison Hardesty *et al.* v. Fenix International Limited *et al.*

importance of jury trials in California, 'California public policy does not require invalidation of [a] forum selection clause in all circumstances' where 'the practical effect of the forum selection clause may be that plaintiff's claims are not heard by a jury.'" *Doe 1*, 2026 WL 3136214, at *6-7. The court does not find any indication on the *Doe 1* docket that the case is stayed pending the interlocutory appeal. (*See generally* N.D. Cal. Case No. 3:24-cv-03713-CRB.) And the court's last review of the *Doe 1* Ninth Circuit docket reflects that the Answer to the Petition for Permission to Appeal Pursuant to 28 U.S.C. Sec. 1292(b) has been filed, but the Ninth Circuit has not yet ruled on the Petition for Permission to Appeal Pursuant to 28 U.S.C. Sec. 1292(b). (*See generally* Ninth Circuit Case No. 26-7302.)

In this case, before the court is Specially Appearing Defendants' Motion to Sequence Defendants' Dispositive Briefing. (Dkt. 21 ("Motion" or "Mot.").) Defendants, decrying Plaintiffs' refusal to stipulate and the fact Plaintiffs "have sat on their contractual claims for *years*," ask the court to "sequence the dispositive motions to allow Fenix's forum non conveniens motion to be litigated and decided before Fenix is required to file a motion to dismiss on Rule 12 grounds," maintaining that "resolving Fenix's forum non conveniens arguments as a threshold issue will eliminate all claims asserted on behalf of non-Californians, and could very well end the instant action in its entirety." (Mot. at 6.) They argue that "[f]orcing Fenix to simultaneously brief and the Court to decide Fenix's Rule 12 motions is not in the interests of convenience, fairness, and judicial economy, because resolution of the forum non conveniens motion may obviate any need for further litigation." (*Id.* at 6-7.)

Plaintiffs oppose the Motion. (Dkt. 22 ("Opposition" or "Opp.").) They agree that the court *may* grant the relief Defendants seek, but urge the court not to use its discretion to do so, noting that if the court adopts its recent reasoning regarding the same forum selection clause, the forum non conveniens argument would *not* end the case, meaning two rounds of briefing, two hearings, and two rulings would be required. (*Id.* at 7.)

Defendants filed a reply in support of the Motion, doubling down on their original rhetoric and arguing, among other things, that "any Rule 12 briefing submitted by the parties *before* [a forum non conveniens] ruling will likely be mooted by the Court's forum non conveniens decision" such that "[t]he Rule 12 briefing would then need to be revised and

resubmitted, leading to the precise 'delay and duplication' Plaintiffs decry here." (Dkt. 27 ("Reply") at 2.) According to Defendants, "[s]eparate briefing just makes sense." (*Id.* at 6.)

This is a "dispute which the Court believes competent, experience[d] counsel should have been able to resolve without the need for Court intervention." *Flexport, Inc. v. Freightmate AI, Inc.*, 2026 WL 931525, at *6 (N.D. Cal. Apr. 6, 2026); *see California Communities Against Toxics v. Armorcast Prods. Co.*, 2015 WL 519083, at *4 (C.D. Cal. Feb. 9, 2015) ("The Court believes that the parties should have been able to resolve these . . . procedural issues without Court intervention through an adequate meet and confer process."). The Motion serves little other purpose "than to needlessly involve the Court in the parties' squabbling." *Baleja v. Northrop Grumman Space*, 2020 WL 5078814, at *1 (C.D. Cal. July 30, 2020); (*see, e.g.*, Mot. at 2 ("Despite the obvious benefits to the parties and the Court in proceeding in this orderly fashion, Plaintiffs refuse to so stipulate in this Action, necessitating this Motion requesting the Court permit the forum non conveniens issues to be briefed and decided before Fenix are required to file their Rule 12(b) motions."). Indeed, in ostensibly striving to save the parties and the court work, the parties have chosen instead to force the court to adjudicate an additional fully-briefed motion anyway.

"A district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (cleaned up). Those inherent powers include "the inherent power to control its own docket and calendar." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

Here, based on the record, as applied to the relevant law, and in the court's discretion, the court finds there is not sufficient indication that sequencing the motions in the way Defendants suggest will save sufficient resources or create enough efficiency to justify deviating from the ordinary way the Federal Rules of Civil Procedure work. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); Fed. R. Civ. P. 12(h)(1) ("A party waives any defense under Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)."). It is possible it will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-02189-FWS-DFM Date: November 13, 2026
Title: Alison Hardesty *et al.* v. Fenix International Limited *et al.*

ultimately turn out that Defendants' proposed course of action would have been the more efficient one. But based on the present record, and in the court's discretion, the court finds that the course more likely to be most efficient is to proceed with dispositive motions as the Federal Rules contemplate: all at once. The Motion is therefore **DENIED**.[1]

This means Defendants must raise their forum non conveniens arguments *and* their other Rule 12 arguments on or before December 7, 2026. The court directs the parties to meaningfully conduct a thorough meet and confer regarding not only the merits of Defendants' upcoming motion in order to present to the court only those issues that reasonably require court intervention, but also procedures that could make a decision on that motion less burdensome, whether increased word limits, deadlines that differ from those ordinarily provided under the Local Rules, or otherwise.

**IT IS SO ORDERED**.

[1] The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the **hearing** noticed for **November 19, 2026**, is **VACATED** and **OFF CALENDAR**.